UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **NICHOLAS H. JOSEPH** | * | **CIVIL ACTION NO:** |
| | * | |
| **VERSUS** | * | **SECTION:** |
| | * | |
| **THE NEW ORLEANS PUBLIC BELT** | * | **MAGISTRATE:** |
| **RAILROAD  CORPORATION** | * | |
| ****************************************** | | **TRIAL BY JURY** |

## COMPLAINT FOR DAMAGES

**MAY IT PLEASE THE COURT:**

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Nicholas H. Joseph, a person of full age and majority residing and domiciled in the Parish of St. James, State of Louisiana, and respectfully pleads the following:

1. This Honorable Court has federal question jurisdiction by virtue of 28 U.S.C. § 1331, as this claim arises under the provisions of the Federal Employer's Liability Act ["FELA"], 45 U.S.C. § 51, *et seq*.

2. Venue is proper in the Eastern District of Louisiana as Orleans Parish is the parish where the cause of action(s) arose and/or accrued, and Defendant, New Orleans Public Belt Railroad Corporation [hereinafter "NOPB"], at all times mentioned herein was doing business in the Parishes of Orleans and Jefferson.

3. The Defendant, NOPB, is a common carrier by railroad engaged in interstate commerce and is a wholly owned subsidiary of the Board of Commissioners of the Port of New Orleans, a political subdivision of the State of Louisiana.

4.      This is an action arising under the provisions of the Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq.*, commonly referred to as the FELA, to recover damages for personal injuries caused in whole or in part by fault of the NOPB, and sustained by the Plaintiff in the line of duty while employed as a bridgeman and painter on the superstructure of the Huey P. Long Bridge.

5.      Defendant, NOPB, is liable unto Plaintiff, Nicholas H. Joseph, for all of the damages he sustained as a result of the negligence, carelessness, and/or recklessness that NOPB committed, as well as all general and equitable relief, together with legal interest thereon from the date of judgment until paid, and for all costs of these proceedings for the following reasons to-wit:

6.      On or about March 1, 2017, while performing his duties as a bridgeman/painter, the Plaintiff descended the slanted stairway of the Huey P. Long Bridge's superstructure. In the course of doing so and while paying attention to his footing, Plaintiff's foot slipped on a rung of the ladder due to the presence of a liquid substance. When his foot slipped, Plaintiff's body twisted, fell backward and to the side, striking his lower back on another metal rung below and behind him, directly causing injuries to low back and lumbar spine.

7.      Plaintiff avers that at the time of his injuries, he was an able-bodied railroad worker and that as a direct cause of Defendant's negligence under the Federal Employer's Liability Act [FELA] on or about March 1, 2017, Plaintiff sustained severe injuries that have caused him significant pain, suffering, past and future lost wages, past and future unpaid medical expenses, for which he demands full recovery.

8.      Plaintiff further avers that Defendant, through its employees, agents, servants, and employees negligently and carelessly failed to provide him with a reasonably safe place to work in violation of the provisions of the FELA, 45 U.S.C. § 51, *et seq.*, thereby causing and/or

contributing to the aforementioned injuries, in whole or in part; and the negligence of NOPB includes, but is not limited to the following acts to-wit:

    A. In that NOPB, in violation of its non-delegable duty, failed to provide Plaintiff with a reasonably safe place to work;

    B. In that NOPB, in violation of its non-delegable duty, failed to provide safe working conditions and proper equipment where Plaintiff was performing his duties in the manner required by Defendant;

    C. In that NOPB, in violation of its non-delegable duty, failed to warn Plaintiff of unsafe workplace conditions of which it knew, or in the exercise of reasonable care, should have known.

    D. In that NOPB, violated federal railroad safety regulations enacted for the safety of its employees, which renders NOPB strictly liable under the provisions of FELA and U.S. Supreme Court precedent.

    E. In that NOPB failed to exercise due care and caution commensurate with the surrounding circumstances;

    F. Other acts and omissions of negligence, which will be fully enumerated at the trial of this matter.

9. Plaintiff demands all damages reasonable in the premises and specifically itemizes the following damages for which he seeks recovery:

    A. Physical Pain and Suffering, Past and Future;

    B. Loss of Enjoyment of Life;

    C. Past Lost Wages;

    D. Unpaid Past and Future Medical Expenses;

    E.  Loss of Future Earning Capacity

WHEREFORE, Plaintiff, Nicholas H. Joseph, prays that Defendant, New Orleans Public Belt Railroad, be duly served with a copy of this Complaint and be summoned to appear and answer same and after due proceedings are held that there be Judgment granted herein in favor of Plaintiff, Nicholas H. Joseph, and against Defendant, New Orleans Public Belt Railroad, for all sums reasonable in the premises, together with legal interest thereon from the date of judgment, until paid, for all costs of these proceedings and for all general and equitable relief.

        January 31, 2020

        Respectfully Submitted,

        **DAVIS, SAUNDERS & MILLER, PLC**

        BY:
        */s/ Joseph M. Miller, Esq.*
        **JOSEPH M. MILLER #30636**
        **BENJAMIN B. SAUNDERS #11733**
        450 North Causeway Blvd., Suite D
        Mandeville, Louisiana 70448
        Telephone: (985) 612-3070
        jmiller@davissaunders.com
        **Attorneys for Nicholas H. Joseph**

Summons Attached, Please Issue To:

The New Orleans Public Belt Railroad Corporation
c/o Jean-Paul Escudier
1350 Port of New Orleans Place
New Orleans, Louisiana 70130